

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00328-CV

Herbert Que **McMASTER**,
Appellant

v.

Cheryel A. **McMASTER**,
Appellee

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CI05827
Honorable Laura Salinas, Judge Presiding

Opinion by:    Adrian A. Spears II, Justice

Sitting:       Irene Rios, Justice
               Lori Massey Brissette, Justice
               Adrian A. Spears II, Justice

Delivered and Filed: April 1, 2026

AFFIRMED

This is an appeal from a final decree of divorce. We affirm.

### BACKGROUND

Because this is a memorandum opinion and the parties are familiar with the facts, we do not recite them in detail. *See* TEX. R. APP. P. 47.4.

On January 18, 2023, the parties participated in a court-ordered mediation and entered into a mediated settlement agreement ("MSA"). More than a year later, on February 14, 2024, the trial

court held a hearing on Appellee's motion to enter a final decree of divorce in conformity with the MSA. The trial court denied Appellant's oral request to continue the hearing. After hearing brief testimony from Appellee, the trial court signed the final decree of divorce.

Appellant subsequently filed a motion for new trial accompanied by supporting documents, including Appellant's affidavit. In his affidavit, Appellant testified that he withdrew his consent to the MSA before it was signed by Appellee and her attorney. Appellee filed a response to the motion for new trial, disputing that Appellant withdrew his consent before the MSA was signed by Appellee. Attached to Appellee's response was a copy of the MSA, which bears the signatures of both parties. The trial court held a hearing on the motion for new trial by submission and denied it.

### MSA'S ENFORCEABILITY

In his first issue, Appellant contends the trial court abused its discretion by denying his motion for new trial because he established that the MSA was unenforceable based on contract formation principles. Appellant maintains that the evidence he presented in support of his motion for new trial showed that he withdrew his consent before Appellee signed the agreement and, therefore, "there could be no meeting of the minds under these circumstances." He further argues "the trial court should have found that the MSA was unenforceable and without effect."

We review the denial of a motion for new trial for an abuse of discretion. *In re Marriage of Sandoval*, 619 S.W.3d 716, 721 (Tex. 2021). A trial court abuses its discretion when it acts unreasonably or without regard for any guiding principles. *Medistar Corp. v. Schmidt*, 267 S.W.3d 150, 159 (Tex. App.—San Antonio 2008, pet. denied). When ruling on a motion for new trial, the trial court serves as fact finder and may resolve disputed issues of fact. *C4 Food Truck, LLC v.*

*Lewis*, No. 14-21-00292-CV, 2024 WL 973760, at *2 (Tex. App.—Houston [14th Dist.] Mar. 7, 2024, no pet.); *Schmidt*, 267 S.W.3d at 161.

Section 6.602(b) of the Texas Family Code provides that a mediated settlement agreement is binding if it: (1) provides, in prominently displayed language, that it is not subject to revocation; (2) is signed by each party to the agreement; and (3) is signed by the party's attorney, if any, who is present at the time the agreement is signed. TEX. FAM. CODE § 6.602(b). When an MSA meets these statutory formalities, it is binding on the parties and requires rendition of a decree that adopts the parties' agreement. *See id.* § 6.602(c); *Highsmith v. Highsmith*, 587 S.W.3d 771, 775 (Tex. 2019); *Milner v. Milner*, 361 S.W.3d 615, 618 (Tex. 2012). "And once signed, an MSA cannot be revoked like other settlement agreements." *Milner*, 361 S.W.3d at 618. "A mediated settlement agreement under section 6.602 is more binding than a basic written contract because, except when a party has procured the settlement through fraud or coercion, nothing either party does will modify or void the agreement once everyone has signed it." *Toler v. Sanders*, 371 S.W.3d 477, 480 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (internal quotation marks omitted); *see also In re Marriage of Joyner*, 196 S.W.3d 883, 889 (Tex. App.—Texarkana 2006, pet. denied) (noting agreement under section 6.602 is exception to section 7.006 of the Texas Family Code, which allows revision or repudiation of settlement agreement before rendition of divorce).

In his brief, Appellant contends that he and his attorney signed the MSA at the mediation and that Appellee and her attorney did not sign the MSA until the following day. Appellant further contends that he withdrew his consent to the MSA before Appellee signed it.

In support of his motion for new trial, Appellant submitted his affidavit and other documents. In his affidavit, Appellant stated that he "withdrew his consent to the [MSA] prior to it being signed by [Appellee] and her attorney" and that this sequence of events is established by

the "DocuSign Verification" attached to his affidavit. However, the "DocuSign Verification" neither shows when Appellant withdrew his consent to the MSA, nor when Appellee signed the MSA. Appellant further stated in his affidavit that the "DocuSign record of tracking" establishes that Appellee signed the MSA on January 19, 2023. However, the "DocuSign record of tracking" does not show when Appellee signed the MSA.

In her response to the motion for new trial, Appellee contended that Appellant's proposed sequence of events about the signing of the MSA was incorrect. Appellee attached a copy of the MSA to her response. This copy of the MSA bears the signatures of both parties, their attorneys, and the mediator, and immediately above the parties' signatures it recites that it was "SIGNED on the **18th day of January 2023**," which was the same day as the mediation.

On this record, the trial court could have properly resolved the fact disputes about Appellee's signing of the MSA and Appellant's withdrawal of his consent against Appellant. Appellant did not meet his burden to establish that the MSA was unenforceable based on contract formation principles. We conclude the trial court did not abuse its discretion by denying the motion for new trial.

### REMAINING ISSUES/WAIVER OF RIGHT TO APPEAL

Here, the record reflects the January 18, 2023 MSA contains the required non-revocation language and bears the signatures of both parties and Appellant's counsel. *See* TEX. FAM. CODE § 6.602(b). Thus, the MSA in this case met section 6.602(b)'s statutory formalities and Appellee was entitled to judgment on the agreement. *See* TEX. FAM. CODE § 6.602(b),(c).

The right to appellate review may be waived by contractual agreement. *In re Estate of Spiller*, No. 04-18-00522-CV, 2019 WL 2360100, at *2 (Tex. App.—San Antonio June 5, 2019, pet. denied); *Emerson v. Emerson*, 559 S.W.3d 727, 734 (Tex. App.—Houston [14]th Dist., 2018,

no pet.). Texas appellate courts, including this court, have enforced contractual waivers of the right to appeal, even in the context of a final divorce decree. *Higginbotham v. Higginbotham*, No. 03-21-00201-CV, 2022 WL 17490993, at *3 (Tex. App.—Austin Dec. 8, 2022, no pet.); *Huber v. Huber*, No. 04-17-00236-CV, 2018 WL 1831655, at *4 (Tex. App.—San Antonio Apr. 18, 2018, pet. denied). "However, a court is not required to enforce an MSA if it is illegal in nature or was procured by fraud, duress, coercion or other dishonest means." *Triesch v. Triesch*, No. 03-15-00102-CV, 2016 WL 1039035, at *4 (Tex. App.—Austin Mar. 8, 2016, no pet.). Therefore, even in the face of a contractual waiver of the right of appeal, a court of appeals may address complaints that the MSA is illegal or was procured by fraud, duress, coercion, or other dishonest means. *See Higginbotham*, 2022 WL 17490993, at *4 (addressing issues that MSA should have been set aside on grounds it was procured by fraud, duress, coercion, or other dishonest means).

Here, the parties' MSA states:

**VOLUNTARY ACCEPTANCE OF BENEFITS AND WAIVER OF APPEAL**

The parties stipulate to have voluntarily accepted the benefits of this settlement and the judgment that will follow based upon the terms of the settlement agreement. The parties also waive any right to appeal following rendition of the judgment in this case.

In his remaining two issues, Appellant does not contend that the parties' MSA is illegal or that it was procured by fraud, duress, coercion, or other dishonest means. Rather, in his remaining issues, Appellant contends the trial court erred by (1) not ordering the parties to arbitrate disputes over the award of property in accordance with the terms of the MSA; and (2) signing a final decree that materially and substantially altered the legal description of real property awarded to him. We have determined the MSA in this case is statutorily compliant and, thus, binding and enforceable. We conclude that Appellant is bound by the MSA's provision waiving any right to appeal following the rendition of the final divorce decree. For this reason, we dismiss Appellant's

remaining issues.[1] *See In re Estate of Spiller*, 2018 WL2360100, at \*5 (concluding arguments about enforceability of settlement agreement, including waiver of appellate rights, lacked merit and declining to address merits of appellant's remaining issues); *Emerson*, 559 S.W.3d at 734-36 (rejecting appellant's arguments about enforceability and validity of her waiver of right to appeal and dismissing her remaining issues).

We affirm the trial court's final decree of divorce.

Adrian A. Spears II, Justice

---

[1]Appellee filed a motion to dismiss this appeal based on the contractual waiver provision in the MSA. However, given our disposition of Appellant's issues, we deny her motion to dismiss as moot.